◼ In the Matter of MINEOLA UNION FREE SCHOOL DISTRICT CLERICAL/SECRETARIAL EMPLOYEES ASSOCIATION, Petitioner, v PUBLIC EMPLOYMENT RELATIONS BOARD OF THE STATE OF NEW YORK, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the Public Employment Relations Board dated January 8, 1987, which denied the motion of the Mineola Union Free School District Clerical/Secretarial Employee's Association for leave to intervene in the proceeding to decertify the Civil Service Employees Association as the bargaining representative of the Mineola Clerical Association.

Adjudged that the proceeding is dismissed as academic, without costs or disbursements.

In compliance with a timeliness requirement set forth in 4 NYCRR 201.3 (d), a group of employees of the Board of Education of the Mineola Union Free School District, known to themselves as the Mineola Clerical Association (hereinafter

the MCA), filed a petition in November 1985 to decertify the Civil Service Employees Association (hereinafter the CSEA) as their bargaining representative. The petition for decertification was apparently filed under the misapprehension that by decertifying the CSEA, the MCA would automatically become the bargaining representative for the unit. Subsequently, the president and the secretary of the MCA learned that decertification would leave their group without any bargaining representative. They further learned that because of a procedural defect, they were precluded from using the petition already filed to seek certification of MCA as their own independent bargaining representative.

Accordingly, an organization entitled the Mineola Union Free School District Clerical/Secretarial Employees Association (hereinafter the Association) was established. With a few exceptions, the Association consisted of the same officers and the same membership as the MCA. The Association subsequently moved for leave to intervene in the decertification proceeding pursuant to 4 NYCRR 201.7 and for leave to participate in any election ordered by the Public Employment Relations Board. The Director of Public Employment Practices and Representation granted the motions for intervention. Upon administrative appeal, the Public Employment Relations Board reversed the Director's decision. In the interim, the employer, the Mineola Union Free School District, proceeded to recognize the Association as the negotiating representative of the bargaining unit. Because the petition alleged that the Board's decision and order were not supported by substantial evidence, the Supreme Court transferred the proceeding to this court.

Since the Association has already achieved through the District's voluntary recognition what it sought through the instant proceeding, the rights of the parties would in no way be affected by the determination of the proceeding. Accordingly, it must be concluded that this proceeding is academic (see, Matter of Hearst Corp. v Clyne, 50 NY2d 707). Brown, J. P., Lawrence, Eiber and Kooper, JJ., concur.